```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

CHARLENE JACKSON,                :
                                 :    HONORABLE JOSEPH E. IRENAS
        Plaintiff,               :
                                 : Civil Action No. 09-6491 (JEI/JS)
    v.                           :
                                 :           **OPINION**
MIDLAND FUNDING, LLC,            :
                                 :
        Defendant.               :

**APPEARANCES:**

CONSUMER LITIGATION GROUP
By: Joseph A. Mullaney, III, Esq.
211 West State Street, Suite 204
Media, Pennsylvania 19063
        Counsel for Plaintiff

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
By: Andrew M. Schwartz, Esq.
1845 Walnut Street
Philadelphia, Pennsylvania 19103
        Counsel for Defendant

**IRENAS**, Senior District Judge:

Plaintiff Charlene Jackson brings this Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, suit against Midland Funding, LLC ("Midland"), the debt collector who sought to collect a debt Jackson incurred when she purchased a personal computer.[1] Jackson asserts that Midland violated the FDCPA when it filed an allegedly time-barred lawsuit to collect the debt. Two issues are presented by the instant Cross-Motions for Summary Judgment: (1) is this suit barred by New Jersey's entire controversy doctrine?; and (2) does New Jersey's or Pennsylvania's statute of limitations apply

---

[1] This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

to the underlying debt collection suit?  The Court holds that this suit is not barred by the entire controversy doctrine and Pennsylvania's statute of limitations applies.  Therefore, Jackson's Motion for Summary Judgment will be granted and Midland's Motion for Summary Judgment will be denied.

**I.**

The relevant facts are undisputed.  In 2001, while Jackson was living in Pennsylvania, she opened a Gateway-branded Citibank credit account in order to finance the purchase of a Gateway computer for her daughter.  In April, 2003, Jackson defaulted on the debt.  At that time she was still living in Pennsylvania.

In 2008, Midland purchased Jackson's delinquent debt obligation and began collection efforts.[2]  Those efforts culminated in Midland filing a lawsuit against Jackson in the Superior Court of New Jersey, Law Division, Special Civil Part, on January 5, 2009.  The complaint sought a judgment of $753.21 plus accruing interest to the date of judgment.  By the time the lawsuit was filed, Jackson was living in Sicklerville, New Jersey and was properly served with process there.

On August 17, 2009, Midland apparently withdrew its complaint and the case was dismissed with prejudice.

This suit followed.  The single-count Complaint alleges that Midland violated the FDCPA by filing a time-barred lawsuit to collect

---

[2] An entity identified in the papers as "ACFI" purchased the debt from the original lender.  ACFI sold the debt to Midland.

2

the debt.  Midland moves for summary judgment.  Jackson cross-moves for summary judgment as to liability only.

## II.

"Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the nonmoving party.  *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).  "'With respect to an issue on which the nonmoving party bears the burden of proof, the burden on the moving party may be discharged by 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case.'"  *Conoshenti v. Pub. Serv. Elec. & Gas*, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting *Celotex*, 477 U.S. at 325).  The role of the Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The summary judgment standard is not affected when the parties file cross-motions for summary judgment.  *See Appelmans v. City of*

3

*Phila.*, 826 F.2d 214, 216 (3d Cir. 1987).  Such motions "'are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist.'"  *Transportes Ferreos de Venez. II CA v. NKK Corp.*, 239 F.3d 555, 560 (3d Cir. 2001) (quoting *Rains v. Cascade Indus., Inc.*, 402 F.2d 241, 245 (3d Cir. 1968)).  If after review of cross-motions for summary judgment the record reveals no genuine issues of material fact, then judgment will be entered in favor of the deserving party in light of the law and undisputed facts.  *Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 302 (3d Cir. 1998).

### III.

#### A.

Midland argues that this Court should not even reach the merits of Jackson's FDCPA claim because it is barred by New Jersey's entire controversy doctrine.[3]  The Court disagrees.

"[T]he entire controversy doctrine requires whenever possible all phases of a legal dispute to be adjudicated in one action.  At a minimum, all parties to a suit should assert all claims and defenses

---

[3] "A federal court hearing a federal cause of action is bound by New Jersey's Entire Controversy Doctrine, an aspect of the substantive law of New Jersey, by virtue of the Full Faith and Credit Act, 28 U.S.C. § 1738."  *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997).

4

arising out of the underlying controversy." *Prevratil v. George Mohr ans Rich Hill Transportation,* 145 N.J. 180, 187 (1996). "In essence, it is the factual circumstances giving rise to the controversy itself, rather than a commonality of claims, issues or parties, that triggers the requirement of joinder to create a cohesive and complete litigation." *Id.* at 190 (internal quotation and citation omitted).[4]

Different operative facts underlie this suit and the state court action. The state court action sought to collect a debt and thus the realm of potential factual issues included whether Jackson incurred the debt and defaulted on her obligation to pay. Those facts do not give rise to Jackson's FDCPA claim because her claim is not premised on an allegation that she does not owe the debt. This FDCPA suit involves Midland's efforts to collect that debt, and more specifically, whether it filed a time-barred lawsuit. The issue in this case is not whether Midland can try to collect the debt, but rather whether it could legally seek a court judgment for the debt. The two suits are related, insofar as the state court suit forms the factual basis for the instant suit, but they do not arise out of a common nucleus of operative facts. Therefore, the entire controversy doctrine does not bar Jackson's FDCPA claim.

**B.**

---

[4] Jackson could have asserted her FDCPA claim in the state court action. State and federal courts have concurrent jurisdiction to hear FDCPA claims. 15 U.S.C. § 1692k(d).

With respect to the actions of debt collectors[5], the FDCPA prohibits the "use [of] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.[6] Several district courts have held that pursuing a lawsuit which the debt collector knows or should know is time-barred violates the FDCPA[7], and Midland

---

[5] "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Midland does not assert that it is not a "debt collector" within the meaning of the FDCPA; therefore this Opinion assumes that the FDCPA applies to Midland. Moreover, many other FDCPA lawsuits against Midland suggest that Midland is indeed a debt collector. *See, e.g., Campuzano-Burgos v. Midland Credit Mgmt.,* 550 F.3d 294 (3d Cir. 2008); *Midland Funding, LLC v. Brent*, 2010 U.S. Dist. LEXIS 117501 (N.D. Ohio Nov. 4, 2010); *Perez v. Midland Funding, LLC,* 2010 U.S. Dist. LEXIS 111212 (N.D. Cal. Oct. 19, 2010); *Franklin v. Midland Funding, LLC*, 2010 U.S. Dist. LEXIS 107133 (N.D. Ohio Oct. 6, 2010); *Wilder v. Midland Credit Mgmt.*, 2010 U.S. Dist. LEXIS 59333 (N.D. Ga. May 20, 2010); *Burthlong v. Midland Funding, L.L.C.*, 2010 U.S. Dist. LEXIS 8116 (E.D. La. Jan. 29, 2010); *Jones v. Midland Funding, LLC*, 2009 U.S. Dist. LEXIS 86567 (D. Conn. Sept. 22, 2009); *Randall v. Midland Funding, LLC*, 2009 U.S. Dist. LEXIS 64204 (D. Neb. July 23, 2009).

[6] The FDCPA also prohibits misrepresentations, including "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

[7] *See, e.g., Dudek v. Thomas & Thomas Attys. & Counselors at Law, LLC,* 702 F. Supp. 2d 826, 833 (N.D. Ohio 2010); *Herkert v. MRC Receivables Corp.,* 655 F. Supp. 2d 870, 875-76 (N.D. Ill. 2009); *Jenkins v. General Collection Co.,* 538 F. Supp. 2d 1165, 1172 (D. Neb. 2008); *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987); *cf. Freyermuth v. Credit Bureau Servs.,* 248 F.3d 767, 771 (8th Cir. 2001) ("*in the absence of a threat of litigation or actual litigation*, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid.") (emphasis added; citing with approval *Kimber*).

does not challenge those holdings here.[8] Its sole argument is that the state court suit was not time-barred because New Jersey's six-year statute of limitations, N.J.S.A. 2A:14-1, applies. In opposition, Jackson asserts that Pennsylvania's four-year statute of limitations, 42 Pa. C.S.A. § 5525, applies.[9]

Because the issue is whether the New Jersey state court suit was time-barred, the Court looks to New Jersey choice-of-law rules. In *Heavner v. Uniroyal, Inc.*, 63 N.J. 130 (1973), the New Jersey Supreme Court established "a limited and special exception to the general rule that the [law] of the forum determines the applicable statute of limitations." *O'Keeffe v. Snyder*, 83 N.J. 478, 490 (1980). New Jersey courts and the Third Circuit applying New Jersey law, have held that after *Heavner*, New Jersey courts should analyze statute of limitations choice of law questions as if the issue were a choice of substantive law. *See O'Boyle v. Braverman,* 337 F. App'x 162, 166 (3d Cir. 2009)[10]*; Warriner v. Stanton,* 475 F.3d 497, 500 n.2 (3d Cir. 2007) (citing *Heavner* for the principle that "New Jersey 'borrows'

---

[8] Nor does Midland assert the "bona fide error" defense found in 15 U.S.C. § 1692k(c) ("A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."). The Court expresses no opinion as to the applicability of the bona fide error defense in this case.

[9] Plaintiff alternatively argues that even if New Jersey law applies, the proper statute is the four-year limit for U.C.C. actions, N.J.S.A. 12A:2-725, rather than the six-year common law contract action limit. The Court does not reach this argument.

[10] *Cert. denied*, 130 S.Ct. 1058 (2010).

7

the statute of limitations of the state whose substantive law applies to the case."); *Washington v. Sys. Maint. Corp.,* 260 N.J. Super. 505, 509 (Law Div. 1992); *Pine v. Eli Lilly & Co.*, 201 N.J. Super. 186, 191-92 (App. Div. 1985).

"In making a choice-of-law determination[11] in a breach-of-contract case, New Jersey courts ask which forum has the most significant relationship with the parties and the contract." *Forestal Guarani S.A. v. Daros Int'l, Inc.*, 613 F.3d 395, 401 (3d Cir. 2010) (citing *State Farm Mut. Auto Ins. Co. v. Estate of Simmons*, 84 N.J. 28 (1980); *Keil v. Nat'l Westminster Bank,* 311 N.J. Super. 473 (App. Div. 1998)).[12]

Applying this test to Midland's suit to collect the debt, it is clear that Pennsylvania has the most significant relationship to the claim, and that New Jersey's relationship is merely attenuated. Jackson was living in Pennsylvania at the time she opened the Gateway account and she was still living in Pennsylvania when she defaulted on the account.[13] The collection suit's filing in New Jersey appears only to be the result of Jackson moving to New Jersey after the relevant events had occurred in Pennsylvania-- i.e., Midland sued

---

[11] A true conflict between New Jersey and Pennsylvania law exists because if Pennsylvania law applies Midland's suit was time-barred but if New Jersey law applies, it was not.

[12] The actual credit agreement is not in the record. Plaintiff states that the agreement did not contain choice-of-law provision. (Pl's Brief in Support of her Motion for Partial Summary Judgment, p.10)

[13] Midland's principal place of business is San Diego, California. It is a Delaware limited liability company.

Jackson in New Jersey because that is where personal jurisdiction over her could be most easily obtained.

Thus, New Jersey's interest in this case is very limited, whereas Pennsylvania has a more significant relationship to the claim, and therefore has a greater interest in its law applying.

Because this Court holds that the four-year Pennsylvania statute of limitations applies to the underlying suit, the suit was time-barred.  Midland's Motion for Summary Judgment will be denied. Jackson's Motion for Summary Judgment as to liability will be granted.

### IV.

For the foregoing reasons Midland's Motion for Summary Judgment will be denied and Jackson's Motion for Summary Judgment as to liability will be granted.  An appropriate Order accompanies this Opinion.

Date:    December 10, 2010            s/ Joseph E. Irenas
                                      Joseph E. Irenas, S.U.S.D.J.